## No. 6157.

A. P. GUILFONT FOR THE USE OF, ETC., VS. THE PARISH OF ASCENSION.

Nothing in the record shows that Guilfont was authorized to institute this action. The warrants sued upon were transferable by delivery. They are in the nature of a promissory note or bill of exchange, and it has been held that the payee of a note who has indorsed it can not maintain any action on it, even for the use of his indorsee.

APPEAL from the Fourth Judicial District Court, parish of Ascension. *Flagg,* J. *R. N. & Wm. Sims,* for plaintiff and appellant. *F. Duffel,* for defendant and appellee.

MORGAN, J.  Plaintiff, who resides in the parish of Ascension, sues the defendant, for the use of Margaret Kentzel, also of that parish, for $1405 90, which amount he claims to be due him for services rendered the defendant as keeper of the parish jail during the years 1871 and 1872.

The evidence in support of the demand is certain warrants drawn by the secretary of the police jury on the parish treasurer.

Defendant excepts to the proceeding on the ground that the plaintiff had no right to institute this action in his own name; or in the name of his transferee, Mrs. Kentzel, alleging that neither of them had any interest in the warrants described in the petition.

It is in evidence that the warrants in question were transferred by Guilfont to Mrs. Kentzel.

Although Guilfont and Mrs. Kentzel reside in the parish where this suit was brought, nothing in the record shows that Guilfont was authorized to institute the action.  Interrogatories were propounded to them both as to their title, in the answer which was filed.  Guilfont answered. Mrs. Kentzel did not.  The warrants were transferable by delivery.  They are in the nature of a promissory note or bill of exchange, and it has been held that the payee of a note who has indorsed it can not maintain any action on it, even for the use of his indorsee.  Moore vs. Maxwell, 2 N. S. 249.  The authority of that case sustains the judgment of the district court, which was one of nonsuit.

Judgment affirmed.